O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUANN GAIL PETRUCCI, | ) NO. CV-14-4411-KLS |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

INTRODUCTION

Plaintiff filed a Complaint on June 13, 2014, seeking review of the denial of plaintiff's application for a period of disability and disability insurance benefits ("DIB"). On August 27, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF Nos. 18, 19.) On March, 5, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and either remanding for further proceedings or awarding benefits to plaintiff. (Joint Stip. at 34.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*Id.* 35.) The Court has taken the matter under submission without oral

argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On September, 2, 2010, plaintiff, who was born on September 29, 1960, applied for a period of disability and DIB. (Administrative Record ("A.R.") 136.) Plaintiff alleged disability commencing October 15, 2007 (*id.* 136), due to: depression; anxiety; post-traumatic stress disorder; panic disorder; injuries to her left arm; rotator cuff syndrome; impingement syndrome of the shoulder; chronic daily migraines; left ankle pain; and vision impairment (*id.* 55). Plaintiff had previously worked as a lawyer. (*Id.* 56.)

The Commissioner denied plaintiff's application initially (A.R. 91) and again upon reconsideration (*id.* 100). On September 19, 2012, plaintiff, who was represented by counsel, appeared at a hearing and testified before Administrative Law Judge Evelyn M. Gunn ("ALJ"). (*Id.* 52.) Gail Maron, a vocational expert ("VE"), also testified. (*Id.* 67.) On November 28, 2012, the ALJ issued an unfavorable decision. (*Id.* 26.) On April 8, 2014, the Appeals Council denied plaintiff's request for review. (*Id.* 1.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff had not engaged in substantial gainful activity from her alleged onset date of October 15, 2007, through her date last insured of March 31, 2011. (A.R. 31.) The ALJ determined that plaintiff had the severe medically determinable impairments of left arm weakness and affective mood disorders, including personality disorder and anxiety disorder. (*Id.*) The ALJ also concluded that these impairments did not satisfy the requirements of a listed impairment in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (*Id.*)

The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except for:

> "any work involving more than occasional climbing, balancing, stooping, kneeling, crouching or crawling; and any work involving more than understanding and remembering simple instructions and completing simple work-related tasks."

(A.R. 32.) The ALJ concluded that plaintiff was unable to perform any past relevant work because the VE testified that an individual with plaintiff's vocational profile and RFC would not be capable of practicing law. (*Id.* 36.) However, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy, namely, those of cashier, office helper, or ticket taker. (*Id.* 37.) Accordingly, the ALJ found that plaintiff was not disabled during the alleged period of disability. (*Id.* 17.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and

the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## DISCUSSION

The sole issue in dispute is whether the ALJ gave proper consideration to the mental limitations identified by plaintiff's treating and examining psychiatrists. Plaintiff contends that the ALJ did not properly evaluate: (1) the opinions of Dr. David Reynolds, plaintiff's treating psychiatrist, that plaintiff has "a poor capacity for sustained concentration and persistence" and "no reliable capacity to complete a normal workday or workweek" (Joint Stip. at 11); (2) the shared opinion of Dr. Reynolds and Dr. Suzanne Ashman, plaintiff's examining psychiatrist, regarding plaintiff's "moderate limitations in the ability to perform work activities on a consistent basis" (*id.* 5); and (3) the shared opinion of Dr. Reynolds and Dr. Stephen Scott, plaintiff's reviewing psychiatrist, regarding plaintiff's anxiety and mood disorder symptoms (*id.* 8). In

deciding whether the ALJ's decision is supported by substantial evidence, the court must consider the combined effect of all of claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity. 42 U.S. C § 1382C(G); 20 C.F.R. § 404.1523; and see *Gregory v. Bowen*, 844 F.2d 664 (9th Cir. 1988) (remanding with instructions to enter judgment allowing disability claim where finding that claimant was not disabled by her psychological problems was not supported by substantial evidence ). Here, for the reasons discussed below, substantial evidence does not support the ALJ disregarding treating and examining psychiatrists' opinions about plaintiff's mental limitations.

## I. **The ALJ Erred By Failing To Properly Evaluate Dr. Reynolds' Opinion.**

### A. Treating Psychiatrist's Opinion Not Given Controlling Weight.

Plaintiff contends that the ALJ erred in her evaluation of the opinion of board certified psychiatrist Dr. David Reynolds, M.D., who treated plaintiff for anxiety, PTSD, and depression since 2010 (A.R. 295). Dr. Reynolds completed a medical source statement on October 1, 2010, in which he indicated that plaintiff had "poor" ability to carry out instructions, attend and concentrate, and work without supervision. (*Id.* 295.) Dr. Reynolds diagnosed plaintiff with anxiety, PTSD, and major depression (*see id.* 267, 269, 272, 274, 277, 344, 346, 348, 350, 353.) Dr. Reynolds completed a second medical source statement on April 22, 2011, in which he indicated that plaintiff was not able to perform the following tasks on a "regular, reliable, and sustained schedule": understand, remember, and carry out simply instructions; interact appropriately with the general public; and get along with coworkers without being distracting. (*Id.* 538-40). In sum, Dr. Reynolds determined that "the claimant has markedly severe functional mental and emotional limitations." (A.R. 36.) In determining that plaintiff was not disabled, the ALJ discounted Dr. Reynold's assessment as being unsupported by the relevant progress notes. (*Id.*) Even though Dr. Reynolds had the longest treating relationship with Plaintiff, dating from 2010, the ALJ did "not give controlling weight to the opinion of Dr. Reynolds." (*Id.*)

The ALJ's failure to give due deference to the treating psychiatrist's opinion is legal error. The opinions of treating physicians are entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual. *Connett*, 340 F.3d 874; *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons that are supported by substantial evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even when contradicted, "a treating or examining physician's opinion is still owed deference and will often be entitled to the greatest weight" in disability proceedings. *Garrison v. Colvin,* 759 F. 3d 995, 1012 (9th Cir. 2014). When it is contradicted by another doctor's opinion, a treating or examining physician's opinion may only be rejected if, after considering the factors set out in 20 C.F.R. § 404.1527(c)-(6) for evaluating medical opinions, the ALJ articulates "specific and legitimate" reasons supported by substantial evidence in the record. *Garrison*, 759 F.3d at 1012; *Orn*, 495 F.3d at 632.

Here, Dr. Reynolds' opinion that plaintiff may have difficulty understanding, remembering, and carrying out simply instructions; and getting along with coworkers without being distracting, differs from Dr. Scott's opinion (A.R. 339 - Mental RFC Assessment 2/18/11) and Dr. Ashman's opinion (*id.* 245 - Comprehensive Psychiatric Evaluation 11/15/08). Furthermore, Dr. Reynolds' opinion that plaintiff may have difficulty interacting with the general public also conflicts with Dr. Ashman's opinion. (*Id.*) In the face of conflicting medical opinions, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Reynolds' opinion, but did not do so.

B. ALJ Discounted Dr. Reynold's Assessment of Plaintiff's Mental Limitations

The ALJ cited six reasons for her decision to discount Dr. Reynolds' assessment of plaintiff's mental limitations:

6

(1) lack of evidence establishing plaintiff's alleged onset date of October 15, 2007; (2) the varying intensity of plaintiff's symptoms over time; (3) the fact that personal stressors, such as plaintiff's custody battle with her ex-husband, may have contributed to her condition; (4) unremarkable mental status examinations; (5) plaintiff's ability to travel to Pennsylvania which contradicted the alleged severity of her symptoms; and (6) the fact that plaintiff sometimes experienced no medication side-effects.

(A.R. 36).

The first reason for discounting Dr. Reynolds' assessment, *i.e.*, that plaintiff provided no evidence supporting her alleged onset date of October 15, 2007, is not relevant to Dr. Reynolds' opinion, which never purported to cover the period of time before he started treating plaintiff in 2010. Furthermore, Dr. Suzanne Ashman indicated that plaintiff was treated by Dr. Gaddis, a psychiatrist, in 2007, and had been hospitalized at least ten times, including for an alleged suicide attempt in 2007. (A.R. 245 - 11/15/08.)

      C.     Variation in Plaintiff's Condition Is Not A Legitimate Reason Supported By Substantial Evidence to Discount The Treating Psychiatrist's Assessment.

The ALJ's second reason for discounting Dr. Reynolds' assessment was that the severity of plaintiff's condition varied in intensity between 2010 and 2011 without evidence of significant deterioration in plaintiff's functioning. However, in *Garrison*, the Ninth Circuit rejected a similarly conclusory reason for discrediting a claimant's mental health assessment on the grounds that the condition improved at points. *Garrison*, 759 F.3d at 1017 (reports of improvement in the context of mental health issues must be "interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") In *Garrison*, where, like here, the claimant reportedly suffered recurring bouts of depression, anxiety and occasional suicidal thoughts, the Ninth Circuit

noted that a claimant's mental health symptoms can be expected to "wax and wane in the course of treatment." *Id.*

More significantly, in this instance, the progress notes reflecting plaintiff's ten-month treatment relationship with Dr. Reynolds show that plaintiff's anxiety, PTSD, and depression did not meaningfully improve at any point. (A.R. 279.) On August 19, 2010, Dr. Reynolds stated that plaintiff suffered from de-realization, insomnia, paranoia, and intense anxiety, and was prescribed Perphenazine in addition to her Cymbalta and Klonopin prescriptions. (See A.R. 279 - Progress Notes 8/19/10.) On August 26, 2010, Dr. Reynolds diagnosed plaintiff with severe major depression and hospitalized her because she was tearful, hopeless, paranoid, and had persecutory delusions, excessive guilt, and suicidal ideation. (*Id.* 277 - Progress Notes 8/26/10.) After her release, plaintiff was also prescribed Seroquel and felt very anxious, though her symptoms were understandably not as severe as they had been during her hospitalization. (*Id.* 272 - Progress Notes 9/9/10.)

By September 16, 2010, she continued to feel hopeless, the Seroquel increased the frequency of her migraines, and plaintiff was suffering chest pain from her Imitrex prescription. (*Id.* 269 - Progress Notes 9/16/10.) By September 27, 2010, plaintiff felt depressed and hopeless, with slightly-less anxiety; however, she also suffered suicidal ideation, and was prescribed Trazodone in addition to her Cymbalta and Klonopin prescriptions. (*Id.* 267 - Progress Notes 9/27/10.) On February 25, 2011, plaintiff suffered from anxiety, depression, and PTSD, and complained that her medications were not working, nightmares prevented her from sleeping, and she felt reluctant to leave her home. (*Id.* 344 - Progress Notes 2/25/11.) By March 14, 2011, Dr. Reynolds diagnosed mild depression, PTSD, and major anxiety; and plaintiff complained that she felt afraid, anxious, sedated from medications, and suffered migraines more frequently. (*Id.* 346 - Progress Notes 3/14/11.) Dr. Reynolds prescribed Ambien. (*Id.*) By March 30, 2011, plaintiff felt depressed, frustrated, and anxious; however, her migraines decreased in frequency. (*Id.* 348 - Progress Notes 3/30/11.) By April 20, 2011, plaintiff still suffered from PTSD, anxiety, and

depression; moreover, she was frequently incapacitated by migraines, and suffered from poor memory and concentration. (*Id.* 350 - Progress Notes 4/20/11.) Accordingly, Dr. Reynolds added Nortriptyline (NTP) to plaintiff's prescription. (*Id.*) On May 11, 2011, plaintiff felt more depressed than usual and was suffering from migraines more frequently. (*Id.* 353 - Progress Notes 5/11/11.) Dr. Reynolds prescribed a higher dose of NTP. (*Id.*)

To say that plaintiff's condition "varied in intensity," so as to imply improvement, is a mischaracterization. Dr. Reynolds' progress reports chronicle plaintiff's struggle with depression, anxiety, PTSD, and incapacitating migraines up-to plaintiff's date last insured, and at no point show sustained improvement or stabilization. Thus, the ALJ erred in citing the variability of plaintiff's condition as a reason for discounting Dr. Reynolds' indication that plaintiff may have difficulty understanding, remembering, and carrying out simple instructions; getting along with co-workers; and interacting with the general public. (A.R. 538-39 - Medical Source Statement 4/22/11.)

    D.    The ALJ Improperly Substituted Her Own Opinions as to the Cause and Severity of Plaintiff's Mental Limitations.

The ALJ's third reason for discounting Dr. Reynolds' assessment was the ALJ's conclusion that plaintiff's mental impairments were caused by plaintiff's family problems. (A.R. at 36.) However, the cause of plaintiff's impairment is not relevant to the question of their severity and limiting effects. Furthermore, although Dr. Reynolds suggested that plaintiff's family troubles may have contributed to her condition (*see e.g.*, A.R. 276 Progress Notes of 8/30/10), nothing in the record conclusively determined what caused plaintiff's impairments. Indeed, Dr. Ashman, examining psychiatrist, expressly noted that the mood and anxiety symptoms "may be part of *or may be separate from*" severe and traumatic stressors in plaintiff's family life. (A.R. 246 (emphasis added).) Accordingly, the ALJ's finding that plaintiff's condition was solely triggered by her family problems was conclusory, and not supported by substantial evidence needed justify

discounting Dr. Reynolds' opinions. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (The ALJ must do more than offer [her] conclusions. [Sh]e must set forth [her] own interpretations and explain why they, rather than the doctors', are correct); *see also Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000)) (as amended (Dec. 13, 2000)) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.")

The ALJ's fourth reason for discounting Dr. Reynolds' assessment was that the ALJ concluded that some of plaintiff's limitations were merely "moderate." (A.R. 540.) The ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to the severity of those impairments. *See Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); *see also* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523, 416.923; *Vasquez v. Astrue*, 527 F.3d 586, 594-97 (9th Cir. 2009) (citing 20 C.F.R. §§ 404.1523 when concluding that ALJ did not account for the mental impairments when determining RFC.) Further, moderate limitations, such as those described by Dr. Reynolds, (A.R. 538-39) can prevent a claimant from working, especially when considered in the aggregate with other limitations. *See Andrews*, 53 F.3d 1044. Accordingly, the ALJ's fourth reason for discounting Dr. Reynolds' opinion was not legitimate.

The ALJ's fifth reason for discounting Dr. Reynolds' assessment was that plaintiff's scattered trips to Pennsylvania are inconsistent with Dr. Reynolds' assessment of the severity of plaintiff's condition. However, the ALJ did not explain how plaintiff's ability to take a handful of trips (only one of which was taken while Dr. Reynolds treated plaintiff) over the course of roughly three years, and in order to address pressing family troubles, is inconsistent with Dr. Reynolds' indication that plaintiff may have difficulty understanding, remembering, and carrying out instructions, (A.R. 538 - Medical Source Statement 4/22/11) or completing a normal workday and workweek without interruptions from her condition (A.R. 539 - Medical Source Statement 4/22/11). There is no indication that making four or five trips over several years required a level of mental capacity beyond what Dr. Reynolds assessed. Further, the record suggests that

plaintiff's mental impairments did occasionally interfere with her ability to make some of these trips. (*Id*. 1088, 1182) (4/22/2012 - plaintiff tells social worker Ms. McKenna that plaintiff feels incapable of returning to Pennsylvania and worries that her son will not be able to visit her in California.) Finally, plaintiff's occasional trips are not evidence that she could sustain full time employment. Thus, the mere fact that plaintiff visited Pennsylvania is not a legitimate reason for discounting Dr. Reynolds' opinion.

The final reason the ALJ cited in discounting Dr. Reynolds' opinion was that plaintiff did not suffer from medication side-effects at times. (A.R. 36, noting that "the progress notes indicated on several occasions that there were no medication side effects.") The ALJ offered no explanation how or why this might support discounting the treating physician's opinion of plaintiff's mental limitations for purposes of the disability determination. The absence of medication side-effects on occasion does not provide specific and legitimate reasons supported by substantial evidence to discount the treating psychiatrist's opinions. Dr. Reynolds did not base his opinion on plaintiff's medication side-effects, but, rather, on the severity of plaintiff's mental impairments despite those medications. (*See* A.R. 267, 269, 272, 274, 277, 344, 346, 348, 350, 353.) Further, the Dr. Reynolds' progress notes indicate that plaintiff's multiple psychiatric medications regularly caused significant side effects, including: migraines (*id*. 269 – Progress Notes 9/16/10); insomnia (*id*. 334 – Progress Notes 2/25/11); feeling sedated (*id*. 346 - Progress Notes 3/14/11); and chest pain (*id*. 269 - Progress Notes 9/16/10). (*See also id*. 267, 269, 272, 274, 277, 344, 346, 348, 350, 353.) Thus, the fact that plaintiff did not suffer from medication side-effects at times is neither a legitimate reason, nor a reason supported by substantial evidence for discounting Dr. Reynolds' assessment.

\\
\\
\\
\\
\\

### II. The ALJ Erred By Failing To Properly Evaluate The Shared Opinion Of Dr. Reynolds And Dr. Ashman That Plaintiff Would Have Difficulty Completing A Workday or Workweek.

Plaintiff alleges that the ALJ erred in her evaluation of the shared opinions of Dr. Reynolds, and Dr. Ashman. Dr. Reynolds found that plaintiff was unable to complete a normal workday and work week without interruptions from her condition. (A.R. 295 - Medical Source Statement 10/1/10) (*see also id.* 538-40 - Medical Source Statement 4/22/11, several weeks after plaintiff's date last insured.) Dr. Ashman similarly found that plaintiff would have difficulty completing a normal workday and workweek without interruptions from her condition. (*Id.* 245 - Comprehensive Psychiatric Evaluation 11/15/08.) Dr. Scott, however, disagreed with this assessment. (*Id.* 340 - Mental RFC Assessment 2/18/11.)

The ALJ did not discuss Dr. Ashman's opinion, seemingly rejecting it for the same reasons that she rejected Dr. Reynolds' opinion. However, as explained above, the ALJ's reasons for rejecting Dr. Reynolds' opinion were not specific, nor legitimate, and they were not supported by substantial evidence. The ALJ's reasons are especially inadequate, given the agreement between the treating and examining physicians. Accordingly, the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Reynolds' and Dr. Ashman's shared opinion that plaintiff was unable to complete a normal workday and workweek without interruptions due to her condition.

### III. The ALJ Erred By Failing To Properly Evaluate The Shared Opinion Of Dr. Reynolds And Dr. Scott That Plaintiff Would Have Difficulty Interacting With The General Public.

Plaintiff alleges that the ALJ erred in her evaluation of the shared opinions of Dr. Reynolds, and Dr. Scott. Dr. Reynolds found that plaintiff would have difficulty interacting with the general

public. (A.R. 295 - Medical Source Statement 10/1/10) (*see also id.* 538-40 - Medical Source Statement 4/22/11.) Dr. Scott similarly found that plaintiff would have difficulty interacting with the general public. (A.R. 340 - Mental RFC Assessment 2/18/11.) Dr. Ashman disagreed with this assessment. (*Id.* 245 - Comprehensive Psychiatric Evaluation 11/15/08.)

As with Dr. Ashman's opinion, the ALJ did not discuss Dr. Scott's opinion and seemingly rejected it for the same reasons that she rejected Dr. Reynolds' opinion. As explained above, the ALJ's reasons for rejecting Dr. Reynolds' opinion were not specific, nor legitimate, and they were not supported by substantial evidence. Accordingly, the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for rejecting the shared opinion of Dr. Reynolds and Dr. Scott that plaintiff would have difficulty interacting with the general public.

When a court determines that an ALJ improperly discounted testimony of a claimant or the opinion of a treating physician, the court may remand the action for calculation and payment of benefits if three conditions are met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting the evidence, whether from the claimant or a medical opinion; and (3) if the improperly evaluated evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d at 1020.[1] In this instance, only the second of these prongs is satisfied. It is not clear that, even after properly crediting the medical opinion testimony of Drs. Reynolds, Scott, and Ashman, the ALJ would be required to find

---

[1] Plaintiff contends that the Court should remand for an immediate award of benefits under the Ninth Circuit's "credit-as-true" rule articulated in *Garrison.* (Joint Stip. 4, 10, 13.) However, the Ninth Circuit recently emphasized that a "remand for an immediate award of benefits is appropriate [] only in 'rare circumstances.'" "*Brown-Hunter v. Colvin* 2015 U.S. App. LEXIS 13560 (9thCir. 2015) (internal citation omitted). For the reasons discussed above, the instant case does not present such circumstances.

Plaintiff disabled. Further administrative proceedings would serve to determine Plaintiff's actual capacities and abilities in light of a proper assessment of her mental limitations.

## CONCLUSION

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, IT IS ORDERED that this case be REMANDED for further proceedings.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**REMANDED FOR FURTHER CONSIDERATION**.

DATED: August 31, 2015

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE